**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT LEE CHILDRESS,

    Petitioner,

v.            CASE NO. 2:09-CV–14995
              HONORABLE LAWRENCE P. ZATKOFF
RAYMOND BOOKER,

    Respondent.
               /

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Robert Childress ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a Michigan criminal conviction. Petitioner challenges his Wayne County Circuit Court guilty-plea conviction for using false pretenses in violation of Mich. Comp. Laws § 750.218(4)(a), for which he was sentenced to eleven months to five-years imprisonment in 2002. The sentence expired in 2007. Petitioner filed the present petition on December 23, 2009. In his pleadings, Petitioner raises claims of actual innocence, illegal seizure, due process and equal protection violations, ineffective assistance of counsel, prosecutorial and police misconduct, and cruel and unusual punishment. For the reasons stated herein, the Court dismisses the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II. DISCUSSION**

A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody*

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n.3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled); *see also Garlotte v. Fordice*, 515 U.S. 39, 45-47 (1995) (prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until *all* the consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam) (emphasis in original). "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." *Id.* at 490 (quoting 28 U.S.C. § 2241(c)(3)) (emphasis in original).

In this case, Petitioner's sentence expired in 2007. He filed the instant petition in 2009. He thus fully served his state sentence before instituting this action. Consequently, the Court lacks subject matter jurisdiction over any challenge to the constitutionality of his 2002 state conviction or sentence. Habeas relief is not warranted.

### III. CONCLUSION

For the reasons stated, the Court concludes that it lacks subject matter jurisdiction over

2

Petitioner's claims and that he is not entitled to a writ of habeas corpus in federal court. Accordingly, the Court DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having conducted the required review, the Court concludes that jurists of reason would not find the dismissal of this habeas action on jurisdictional grounds debatable. Accordingly, the Court DENIES a certificate of appealability. The Court also DENIES Petitioner leave to proceed *in forma pauperis* on appeal because any appeal from this decision would be frivolous. *See* Fed. R. App. P. 24(a). This case is closed.

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: May 7, 2010

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 7, 2010.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290