UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.

       Petitioner,

                                                   Case Number: 09-cv-14995
v.                                         Honorable Lawrence P. Zatkoff

RAYMOND D. BOOKER,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING

This matter comes before the Court on Petitioner's Motion for Equitable Tolling [dkt 6]. Petitioner filed a Petition for Writ of Habeas Corpus on December 24, 2009. On May 7, 2010, this Court dismissed Petitioner's Writ of Habeas Corpus because Petitioner fully served his state-court sentence before instituting this action. Petitioner concedes that he has missed the statutory one-year time limit in which to file his § 2254 petition, but maintains that he qualifies for the "actual innocence" exception for equitable tolling of the one-year limitation period. However, as indicated in the Court's Opinion and Order Dismissing Petition for a Writ of Habeas Corpus [dkt 4], this court lacks subject matter jurisdiction over the matter.

As case law dictates, a prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n.3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled); *see also Garlotte v. Fordice*, 515 U.S. 39, 45–47 (1995) (stating that a prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until *all* the consecutive sentences have been served). The United

States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam) (emphasis in original). "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." *Id.* at 490 (quoting 28 U.S.C. § 2241(c)(3)) (emphasis in original).

In this case, Petitioner's sentence expired in 2007. He filed the instant petition in 2009. He thus fully served his state-court sentence before instituting this action. Consequently, the Court lacks subject matter jurisdiction over this matter.

Accordingly, IT IS ORDERED that Respondent's "Motion for Equitable Tolling" [Dkt. #6] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 9, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290